## W. C. Hoover et al. v. Tex. & P. R'y Co.

(Case No. 4090.)

1. Contributory negligence — Damages.— When one enters upon a railway track under circumstances which make it obviously an act of imminent danger on account of the rapid approach of an engine and tender, and receives hurt therefrom, he cannot, on account of his own negligence, recover damages; and this though the injury was inflicted in an incorporated city by an engine running backward with tender in front, without ringing the bell or sounding the whistle, and at a rate of speed forbidden by the ordinances of the city.

Appeal from Tarrant. Tried below before J. F. Cooper, Esq., special judge.

This suit was brought by appellants, stating that on the 15th of November, 1882, they resided in Pennsylvania, and were the father and mother of Holland H. Hoover, who was of the age of twenty-two years. That on that day appellee, being engaged in running cars by means of steam locomotives in the city of Fort Worth, negligently ran an engine tender backwards and thereby killed the said Holland H. Hoover.

Plea of general issue and contributory negligence. Judgment for the defendant.

At the request of plaintiffs' attorneys the court stated in writing its conclusions of law and facts found at the trial, which were as follows:

"*First.* . That the plaintiffs, W. C. Hoover and Louisa C. Hoover, are husband and wife and father and mother of one Holland H. Hoover.

"*Second.* That on the 15th day of November, 1882, the said Holland H. Hoover was of the age of twenty-two years.

"*Third.* That on said day the defendants, who are duly incorporated under the laws of the state of Texas, were engaged in running and propelling cars over the railroad owned by them, and running through the city of Forth Worth, and through their depot grounds there, known as the T. & P. yard

"*Fourth.* That on said day, and through their said yard, the defendant while running its engine and tender, ran the same over the said Holland H. Hoover and thereby inflicted great bodily injury upon him, from the effect of which he died in a few hours.

"*Fifth.* That when the said engine and tender ran over the said Hoover, it was running backwards with the tender in front, at the rate of twelve to fifteen miles per hour. That running at said rate of speed was in violation of the ordinances of the city of Fort Worth.

"*Sixth.* That, at the time said engine and tender ran over said Hoover, the bell of the engine was neither ringing nor was the whistle sounding. That moving the engine without continuously ringing its bell or sounding its whistle was in violation of the ordinances of said city.

"*Seventh.* That by reason of the manner in which, and the rate of speed at which, said engine and tender was, at the time of the accident, being run by the servants of the defendant, the defendant was guilty of gross negligence, and that said negligence was a proximate cause of the injuries then inflicted upon the said Hoover.

"*Eighth.* That, at the time Hoover received said injuries, he was walking between the rails of the track of the defendant's road, but was not a trespasser.

"*Ninth.* That, at the time said Hoover entered upon said track (as appears by the depositions of W. R. Hamilton and B. M. King, plaintiffs' witnesses), the danger from said engine and tender was imminent; and that, in then getting upon the defendant's track, the said Hoover was guilty of ordinary negligence, and that said negligence was a proximate cause of the injuries received by him.

"And the court concludes that the negligence of the said Holland

H. Hoover and the defendant was concurrent, and that the negligence of said Hoover contributed to the injuries received by him.

"Wherefore the court concludes, as a matter of law, that the plaintiffs ought not to have judgment in this suit against defendant.

"J. F. COOPER,
"Special Judge 29th Jud. Dist."

*Ball & McCart*, for appellant, cited, on gross negligence of the company: C. & A. R. Co. *v.* Gregory, 58 Ill., 26; 38 Iowa, 120 (18 Am. Rep., 22); H. & T. C. R. R. *v.* Willson, Texas Law Review, vol. 2, p. 196; 8 Am. & Eng. R. R. Cases, p. 273; H. & T. C. R. R. *v.* Gorbett, 49 Tex., 574; H. & T. C. R. R. *v.* Leslie, 57 Tex., 87; G., H. & H. R. Co. *v.* Gratmoore, Tex. L. Review, vol. 1, No. 10, p. 145; 50 Mo., 41; Field on Damages, 177; Pierce on Railroads, 325.

That the road was liable, notwithstanding plaintiff's negligence, they cited: H. & T. C. R. R. *v.* Sympkins, 54 Tex., 615; T. & P. R. R. *v.* O'Donnell, 58 Tex., 27; 21 Am. Rep., 371; 22 Am. Rep., 112; 11 Am. Rep., 420; 37 Cal., 409; Pierce on Railroads, 325, 331; 7 Am. & Eng. R. R. Cases, 414; 2 Am. Rep., 420, 425; 4 Col. 524; 59 Mo., 27; 50 Mo., 461; 60 Mo., 323, 475; 65 Mo., 22; 54 Mo., 267, 430, 480; 38 Iowa, 539; 45 Iowa, 661; 29 Con., 393, 405; H. & T. C. R. *v.* Gorbett, 49 Tex., 574; H. & T. C. R. *v.* Leslie, 57 Tex., 87; G., H. & H. R. Co. *v.* Gratmoore, Texas Law Review, vol. 1, No. 10, p. 145; 48 Am. Rep., 632; 36 Am. Rep., 750; 31 Am. Rep., 750; 50 Mo., 41; 59 N. Y., 352; 49 N. Y., 42; 37 N. Y., 283, 287; Pierce on Railroads, 225; 2 Redf. Am. R'y Cas., 405; Field on Dam., 177.

No briefs on file for appellee.

WEST, ASSOCIATE JUSTICE.— We have examined very closely into the facts of this case, and after some hesitation have reached the conclusion that the judgment of the district court is sustained by the law and the evidence.

The court found, and the evidence justified the court in so finding, that the deceased was guilty of contributory negligence.

The general rule is, that a person (or his heirs in case of his death) cannot recover for an injury to which he contributed by his own want of ordinary care. Pierce on Railroads, p. 323.

The record shows that at the period when the deceased entered upon the appellee's track, the danger from the engine and tender was imminent, and that in so doing he was unquestionably guilty of negligence that was the proximate cause of the injuries received by

---

---

him.    We have examined the authorities relied upon by appellants, and have reached the conclusion that there was no error in the judgment of the court below, and it is accordingly affirmed.

AFFIRMED.

[Opinion delivered May 6, 1884.]