MO. PAC. R'Y CO. v. JOHN H. BURNETT.

(No. 2245.)

APPEAL from Galveston County.    Opinion by WHITE, P. J.

BALLINGER, MOTT & TERRY, for appellant.

BURNETT & HANSCOM, for appellee.

§ **236.** *Opinion of witness as to negligence, not evidence; case stated.*    Appellee recovered judgment against appellant for $295.45 damages for injuries to mules, · caused by a collision with appellant's train.    The collision occurred at the point where appellant's railway crosses Twenty-ninth street, in the city of Galveston. The mules were drawing a float, used for hauling cotton from the cotton-presses to the wharf for shipment.    Said street, at the time of the collision, was in almost constant use for such purpose.    A load of cotton had been discharged from said float at the wharf, and the driver with said mules and float was returning along said street for another load of cotton when the collision took place. It is shown by the evidence that a passing train on said railway could easily be seen by a person approaching the Twenty-ninth street crossing, from the wharf, for a considerable distance before it would reach said crossing.    On the occasion of this collision, the train was backing down the railway, moving west from the depot, at the rate of speed of six miles an hour.    There was no flagman at the crossing, and the evidence is conflicting as to whether the engine bell was ringing.    Appellant's yard-master, Shepard, was on the platform of the rear car.    He testified: "The team was a good ways off from the track when

I saw it. There was nothing in the way, and I saw it all the way. The man was driving along, talking to some boys, and was not paying attention to where he was going. If I had given the proper signal I could have stopped the train, but I did not think he was going on the track. I made no efforts to stop the train until it was too late. I could have stopped the train by ringing the bell. I gave no signal." An ordinance of the city of Galveston making it unlawful to run a steam-engine on any railroad within the city limits at a greater rate of speed than four miles an hour was read in evidence by appellee. Appellee was permitted, over objection made by appellant, to prove by Beavers, the driver of the float, that "there was no way to save the team." *Held:* In cases involving questions of negligence *vel non* especially, the rule is that the opinion of a witness is not admissible, but facts alone should be stated, leaving the jury to determine, under proper instructions from the court, the issue as to negligence. [R'y Co. v. Reason, 61 Tex. 613.] It was error to admit said statement of the witness Beavers.

§ 237. *Negligence; contributory negligence; rules as to.* "A traveler upon a highway, when approaching a railroad crossing, ought to make a vigilant use of his senses of sight and hearing in order to avoid a collision. This precaution is dictated by common prudence. He should listen for signals and look in the different directions from which a train may come. If by neglect of this duty he suffers injury from a passing train, he cannot recover of the company, although it may be chargeable with negligence, or may have failed to give signals required by the statute, or may have been running at the time at a speed exceeding the legal rate." [W. & W. Con. Rep. § 860.] Running a train at a greater rate of speed than that prescribed by a city ordinance, within the corporate limits of the city, while negligence on the part of the railway company, will not of itself entitle a party to recover damages from the company for an injury sustained by

collision with a train, if the injury in part resulted from his own negligence. [2 W. Con. Rep. § 717; Hoover v. R'y Co. 61 Tex. 503.] "Every one about to step upon a railroad track must listen and look before attempting to cross, in order to avoid an approaching train, and not walk carelessly into the place of possible danger. Failure to do so is not merely an imperfect performance of duty, but an entire failure of performance, which will bar his right to recover damages if it contributed proximately to the injury. A person who voluntarily exposes himself to such dangers as this, from which he might have saved himself by the proper use of his senses, contributes directly to his own injury and has no cause of action for damages." [R'y Co. v. Bracken, 59 Tex. 71.] It is insisted by appellee that though the driver of the float might at the time have negligently attempted to cross the railway track in front of the approaching train, yet if the company's servants in charge of the train discovered the danger to which the driver and his team were exposed in time to prevent injury by the use of ordinary care on their part, but they negligently failed to use such care, then the company would be liable notwithstanding appellee's negligence. *Held:* Such a rule is announced in R'y Co. v. Weisen, 65 Tex. 443. But conceding the correctness of this rule ordinarily, the court should have given the special instruction requested by appellant, as follows, viz.: "It was the duty of the driver to look, before attempting to drive over the track, for approaching trains, and if you believe from the evidence that by so looking he could have seen the train in time to have stopped and avoided the accident, then you should find for defendant, although you may believe the defendant was guilty of negligence, unless you believe from the evidence that the brakeman, Shepard, knew or ought to have known that the driver would fail to see the train, and would drive on the track ahead of the train. If the driver was in the apparent possession of his senses of sight and hearing, and the view was unob-

structed, Shepard, the brakeman, had a right to presume that the driver would see and hear the train and would stop before driving on the track." This instruction presented directly and pertinently the law applicable to the facts relating to the pivotal issue in the case, and the court erred in refusing to give it.

February 12, 1887. Reversed and remanded.