## No. 2353.

### GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY *v.* M. E. RYON ET AL.

1. NEGLIGENCE.—If one who is injured by a passing railway train, while upon a railway track, went upon it under such circumstances as rendered him guilty of negligence, the railway company will not be liable in damages on account of the failure of its servants who are operating the train to discover his position in time to avoid the injury, nothing having intervened between the time of his going on the track until the time when he was injured to relieve his act in going on the track from its culpability.
2. FACT CASE.—See this case for facts illustrating the above rule.

APPEAL from Fort Bend. Tried below before the Hon. W. H. Burkhart.

*E. P. Hill,* for appellant: The verdict and judgment should have been for defendant, because the evidence is not sufficient in law to entitle plaintiffs to recover, the undisputed facts showing that Ryon was grossly negligent and careless of his own safety in going on and standing or walking upon the railroad track away from a station or public crossing, and where said track was fenced, without using his senses or any precaution whatever to preserve or protect himself in such dangerous position. (Houston & Texas Central Railway Com-

pany v. Smith, 52 Texas, 178; Galveston, Harrisburg & San
Antonio Railway Company v. Bracken, 59 Texas, 74; Houston
& Texas Central Railway Company v. Richards, 59 Texas, 373;
Houston & Texas Central Railway Company v. Boyer, 3 Texas
Law Review, 292; International & Great Northern Railway
Company v. Smith, 62 Texas, 252; Cooley on Torts, 660; Rail-
road Company v. Godfrey, 71 Illinois, 500; Railroad Company
v. Collins, 87 Pennsylvania State, 405; Childs v. Railroad Com-
pany, 33 Louisiana Annual, 154; Railroad Company v. Sher-
man, 30 Grat., 602; O'Donnell v. Railroad Company, 7 Mis-
souri, 190; Sweeny v. Railroad Company, 128 Massachusetts, 5;
Railroad Company v. Olson, 12 Illinois, 245; Bresnahan v.
Railroad Company, 49 Michigan, 410; Smith v. Railroad Com-
pany, 26 Minnesota, 419; Railroad Company v. State, 54 Mary-
land, 648; Railroad Company v. Graham, 46 Indiana, 239.) It
is no excuse that a man venturing on the track is deaf. (Laicher
v. Railroad Company, 28 Louisiana Annual, 320; Cogswell v.
Railroad Company, 6 Oregon, 417.)

*Peareson & McCamly,* for appellees: The verdict and judg-
ment are correct, because, even though Ryon was negligent in
going upon the track, yet the defendant, by use of reasonable
or ordinary care, could have avoided the injury, and the fail-
ure to use such care was the proximate cause of the injury,
and this renders the defendant liable. (Missouri Pacific Rail-
way Company v. Wiesen, 65 Texas, 443; Houston & Texas
Central Railway Company v. Carson, 66 Texas, 345; Interna-
tional & Great Northern Railroad Company v. Cocke, 64 Texas,
157, 158; Houston & Texas Central Railway Co. v. O'Donnell,
58 Texas, 42, 43; Houston & Texas Central Railway Co. v. Sym-
kins, 54 Texas, 617, 620, 622; Houston & Texas Central Railway
Co. v. Richards, 59 Texas, 378; Houston & Texas Central Rail-
way Co. v. Smith, 52 Texas, 184; International & Great North-
ern Railroad Co. v. Smith, 62 Texas, 254, 255; Revised Statutes,
art. 4232; Harlan v. St. Louis Railroad Co., 64 Mo., 480; same
case, 65 Mo., 22; Baltimore & Ohio Railroad Company v. State,
36 Md., 468; Townley v. Railway Co., 53 Wis., 626; Beach on
Contributory Negligence, 209, sec. 68, and notes; Shear. & Red.
Neg., secs. 36, 493, 25; Thompson on Neg., 1155, 1157, and note; 6
Wait's Actions and Defenses, 595, and cases cited; International
& Great Northern and Missouri Pacific Railway Co. v. Gray
65 Texas, 35, 36.)

The defendant company is liable in this case, notwithstanding the officers in charge of the train failed to see Ryon on the track, because, in the exercise of ordinary care in operating the train, and of a reasonable watchfulness, they would have seen him, and so could have easily avoided the injury; and they failed to discover his danger through their carelessness in running a train (or allowing it to run itself) at a high rate of speed, with their eyes shut, through a locality where persons might reasonably be expected to be on or crossing the track. (Railway Co. v. Symkins, 54 Texas, 620–622; Railway Co. v. O'Donnell, 58 Texas, 42, 43, 45 (to use ordinary care to discover possible danger); International & Great Northern Railway Co. v. Cocke, 64 Texas, 158; Houston & Texas Central Railway v. Richards, 59 Texas, 378, quoting from an Illinois case, and bottom p. 377, as to ordinary care protecting one against the consequences of his own rashness; International & Great Northern Railway Co. v. Gray, 65 Texas, 35, 36; Revised Statutes, art. 4232, Diligence at Crossings; Harlan v. St. Louis Railroad Co., 64 Mo., 480; Baltimore & Ohio Railroad Co. v. State, 36 Md., 468; Townley v. Railway Co., 53 Wis., 626; Nichols v. Ches. & Ohio Railroad, 2 S. W. Rep., 181; 4 Am. and Eng. Railway Cases, 562; 8 Id., 225; 13 Id., 623; 14 Id., 656; 23 Id., 466; Beach on Contr. Neg., 209, and notes.)

MALTBIE, PRESIDING JUDGE. The courts hold, almost without dissent, that a person guilty of negligence contributory to his injury, may recover, notwithstanding his own negligence, if the defendant, after discovering plaintiff's danger, fails to use ordinary care to avoid injuring him. But in general, where the defendant owes the plaintiff no duty, and is not aware of his danger, though the discovery might have been made by the exercise of ordinary prudence on the part of defendant, no recovery can be had. In the Symkins case, 54 Texas, 615, it was held that if, after Symkins went on the track of defendant, he was stricken down in a fit, and was thus run over by the train, that his negligence in going on the track was only a remote cause of his injury, and that a providential occurrence intervening broke the causal connection between the original act of negligence and the injury, and that therefore the defendant would be liable for the injury, if its servants failed to use ordinary diligence to discover the plaintiff while lying on the track in a helpless condition. In the case of O'Donnell v. The

Railroad, and other cases of infant trespassers, negligence was not imputed on account of the want of discretion in such persons, and the roads were held liable on account of failing to use ordinary diligence to discover the person on its track and prevent his injury; but no court in Texas has ever held a railroad company liable for failing to discover a sane man who was on its track without right and under circumstances that rendered the act of being on it negligence contributing proximately to the injury. Negligence is as a general rule a question of fact, and often depends upon a variety of facts and circumstances. A person who trespasses upon the lands of another is not necessarily guilty of negligence. (Marble v. Ross, 124 Massachusetts, 44.) Negligence is the opposite of prudence, and acts habitually done by prudent persons can not logically be characterized as negligent. It is a fact widely known that prudent persons, as occasion may require, cross railroad tracks at places other than public crossings, and the mere fact that one may cross at such place would not make it negligent; though were he to do so when trains were approaching, or without looking or listening, it would doubtless be an act of negligence. The Supreme Court of Wisconsin, in a case where a girl seven years old was injured in crossing a railroad track not at a public crossing, after observing that negligence is generally a question of fact, uses this language, which meets with our approval: "The plaintiff also offered to prove, in effect, that persons living near the track west of the depot, and other people, men, women and children, had for some years immediately before the accident been in the habit of passing back and forth up and down on the same pathway, and in the same direction where the little girl went at the time she was hurt, and that they had been so accustomed to pass daily and hourly for several years, all of which was excluded. This excluded evidence, the court say, tended to prove an implied consent, or license, on the part of defendant that persons might pass on foot along the switch path and across the side track to the public street, and the mere fact that other children had been ordered off the track would not conclusively prove that no such consent or license had been given. If such custom existed, and men, women and children were daily and hourly passing over the same pathway, it certainly had an important bearing not only on the question of whether Rosa was guilty of contributory

negligence, but whether defendant was exercising ordinary care at the time." (4 American and English Railroad Cases, 567.)

John Ryon, the husband and father of appellees, died of injuries inflicted by appellant's engine, while he was standing on the end of a cross-tie, looking at his feet and scraping the mud from them. The accident occurred in Fort Bend county, on the east side of the Brazos river, five hundred and fifty yards from the railroad bridge, and four hundred yards from where the railroad crosses the public road at Worthington. From the Brazos river bridge to where Ryon was killed, the ground is open, level and unobstructed, and a person could be easily seen at that point from the bridge, and an engine at the bridge could also have been plainly seen from that point. Ryon was a farmer residing at Richmond, on the west side of the river; had been at work that day in a field south of the place where he was killed, and was then on his way home. It had been raining, and the road to Richmond was muddy and rather circuitous. There was a nearer and dryer route over a foot path along the grade, which Ryon had been traveling, and which crossed the track at the place where he stopped to clean the mud off of his shoes. The train was behind time, was running at from twenty-two to twenty-five miles an hour, which was faster than usual. No whistle was blown or bell rung on this occasion. The time from the bridge to where the accident occurred, at twenty-five miles an hour, was about thirty-five seconds. Ryan was partially deaf; could not hear the rumbling of a train, but could hear a whistle or the ringing of a bell. His route was through cultivated fields, and there were several houses between where he was hurt and Richmond. The track along where the path run was fenced, but a plank had been knocked off, and persons passed through the opening when traveling the path. No one saw Ryon when he was struck by the engine, but he was seen walking along, a very short time before, by the side of the track. It was in evidence that the firemen, engineer and conductor were engaged at their several duties from the time the train arrived at the bridge until after the accident occurred, and that none of them discovered Ryon until after he was injured, for the reason that none of them looked ahead. Upon this showing of facts, the court, among other things, charged the jury as follows:

"If you believe from the evidence that said Ryon by his own negligence contributed to his injury, you will find for the defendant; but in considering the question whether Ryon contributed to his own injury or not, if you believe that Ryon was guilty of negligence in going upon the track of defendant, but that this was the remote and not the proximate cause of his injury; and if you further believe from the evidence that the proximate cause of Ryon's injury was that defendant's servants, after it became known to them that Ryon was on the track, or after they might have known he was there by reasonable watchfulness, and was in danger of being injured, did not use any care, or that they used such little care as to justify the belief that they were indifferent whether Ryon was hurt or not, to prevent the injury to Ryon, you will find for the plaintiff."

We think that in so far as this charge asserts the proposition that if Ryon was guilty of negligence in going on to defendant's track, the defendant would be answerable in damages for failing to discover that he was on it, there was error. For if Ryon was negligent in going upon the track, nothing having intervened from that time until the accident occurred to relieve the act of its culpability, as in the Symkins case, his negligence contributed directly to his injury, and defendant did not owe him the duty of keeping a look out for his safety, although it would have been liable if it had in fact discovered Ryon on its track, and had failed to use reasonable diligence to prevent the train from running over him. There was no evidence at all that defendant's servants ever saw Ryon on the track, and the submission of such theory to the jury was for that reason an error. If Ryon was guilty of negligence in going upon the track, and upon this issue we express no opinion, appellees can not recover under the facts of this case.

We are of opinion that for the errors in the charge the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted February 21, 1888.