G., C. & S. F. R'y Co. v. Zack Dodson.

(No. 2819.)

Appeal from Cooke County.   Opinion by Hurt, J.

*(Transferred from Austin.)*

J. W. Terry, counsel for appellant.

No counsel appeared for appellee.

§ 394. *Duty of person approaching a railroad track to look and listen; judgment for damages not warranted by the evidence.* Suit by appellee against appellant for

damages for killing a horse and injuring a buggy by colliding one of its trains therewith.   Judgment in justice's court for $125.   Appellant appealed to the county court, where appellee recovered judgment for $75.   Appellee in his own behalf testified as follows:

"There was a large show sign on cotton platform near defendant's track that obstructed the view.   I knew that it was customary to run engines and trains across said street at said crossing.   Was driving at an ordinary trot. Did not check or stop my horse at crossing, but drove on same in a trot.   I did not look or listen for anything before driving on said track.   Was not thinking of any train at time, at noon."

O. Turner testified: "Was in buggy with plaintiff. We were going at a trot.   Did not change our gait when we reached the railway crossing.   Did not look or listen for any cars.   Accident occurred in day-time."

P. Duffy, conductor, testified: "Train was backing at rate of about three miles per hour.   I was standing on north end of caboose.   I signaled and did all I could to have train stopped as soon as I saw plaintiff's danger. Did have the train stopped as soon as it could be done. Bell on locomotive was being rung."

Andy Neiman testified: "Was about forty feet from place of accident when it occurred.   Saw plaintiff going to drive across track.   Saw train coming.   Hallooed to plaintiff as loud as I could.   Plaintiff did not seem to hear.   My voice is good."

*Held:* This evidence does not warrant the judgment. "Every one about to enter upon a railway track must listen and look before attempting to cross, in order to avoid an approaching train, and not go carelessly into the place of possible danger.   A failure to do this is not only an imperfect performance of duty, but an extreme failure of performance, which will bar the right to recover damages, if it contributed proximately to the injury inflicted by the train.   Due care must appear on the part of him who sustains the injury, and this

whether it was caused by a train going backwards or forwards." [R'y Co. v. Bracken, 59 Tex. 71; Hoover v. R'y Co. 61 Tex. 503; 1 App. C. C. §§ 137, 860; 2 App. C. C. §§ 207, 208.]

November 28, 1888.          Reversed and remanded.