Texas & Pacific Railway Co. v. Louisa Roberts et al.

No. 637.—Decided March 7, 1898.

**1. Negligence—Law or Fact—Riding on Railway Track.**

Whether the act of deceased in riding along defendant's railway track, where he was struck while endeavoring to lead his mule down the embankment, should be held negligence in law, questioned, but not decided. (Pp. 536, 537.)

**2. Same—Immaterial Error.**

The refusal of a requested charge treating such act as contributory negligence in law, was not material, if erroneous, where, by other instructions, plaintiff was denied a recovery unless those operating the train were guilty of negligence after discovering the peril of deceased. (P. 537.)

Error to the Court of Civil Appeals, for the Fifth District, in an appeal from Cass County.

The case, upon a former appeal, is reported in 2 Texas Civ. App., 111, where a judgment recovered by plaintiff was reversed. A second judgment for plaintiff was also reversed on appeal. (Railway v. Roberts, 37 S. W. Rep., 870.)

*W. T. Armistead* and *F. H. Prendergast*, for plaintiff in error.—The court erred in finding that the evidence as to Roberts' negligence did not require the jury to find that he was guilty of negligence, and the court of appeals should have found on the uncontradicted evidence that Roberts was guilty of negligence contributing to his death.

The court of appeals erred in holding that the District Judge correctly refused the following charge: "In this case the jury are charged that the evidence shows that Roberts was guilty of negligence in going on the railroad with his mule and remaining there until the train struck him, and you will therefore find for the defendant unless you find that the engineer saw Roberts, and saw that he was in peril in time to have stopped the train and failed to do so." Railway v. Nixon, 52 Texas, 28; Railway v. Ryon, 70 Texas, 59; Railway v. Richards, 59 Texas, 377; Railway v. Bracken, 59 Texas, 74; Railway v. Kutac, 72 Texas, 651, Barker v. Railway, 11 S. W. Rep., 254; Railway v. Howard, 19 Am. & Eng. R. R. C., 98, Patterson, Ry. Ac. Law, sec. 200; Railway v. Smith, 34 Am. & Eng. R. R. C., 3; Hughes v. Railway, 67 Texas, 598; Railway v. Moseley, 57 Fed. Rep., 921; Railway v. Evans, 71 Texas, 369; Railway v. Brown, 2 Texas Civ. App., 283; McDonald v.

Railway, 86 Texas, 14; Railway v. Pankhurst, 36 Ark., 377; Railway v. Wilkerson, 46 Ark., 522; Railway v. Haines, 47 Ark., 502; Railway v. Monday, 49 Ark., 263; Railway v. Breadow, 36 S. W. Rep., 412; Railway v. Roberts, 37 S. W. Rep., 871.

*O'Neal & Culberson, O'Neal & Eberhart* and *A. E. Allday*, for defendant in error.—The court did not err in refusing to give special charge No. 1, because it assumes that said Roberts was guilty of contributory negligence when it was an issue in the case upon which the jury should pass. Railway v. Roberts, 2 Texas Civ. App., 111; same case on second appeal, 37 S. W. Rep., 870; 29 S. W. Rep., 232; 38 S. W. Rep., 764.

*Hogg & Robertson*, also for defendant in error.—If the finding of fact that there was negligence after discovery of the peril of deceased is binding upon this court, we think it must be held that the refusal to give the charge, even if error, becomes immaterial. We understand it to be well settled that the findings of fact by the courts of civil appeals are conclusive in this court in all cases where there is a conflict in the evidence upon the point embraced in the findings, or where there is evidence in the record that will support the findings. Land Co. v. McClelland, 86 Texas, 179; Sanborn v. Murphy, 86 Texas, 441; Bauman v. Jaffray, 86 Texas, 617; McLeary v. Dawson, 87 Texas, 536; Otto v. Halff, 89 Texas, 384.

DENMAN, ASSOCIATE JUSTICE.—On the 24th day of November, 1888, N. R. Roberts, riding a mule, left the public road, where it crossed defendant's track in Queen City on a level with such track, and rode on the track, which gradually increased in elevation, about one hundred and seventy yards, towards Atlanta, where he reached a bridge and then turned and rode back a few yards to a path which crossed the track which was at that point about twelve feet high, and there dismounted, and was engaged in the vain endeavor to lead his mule down the embankment, when defendant's regular passenger train, coming from Atlanta to Queen City, passed over the bridge and struck and killed him and his mule. The wife and children sued defendant to recover damages for his death, basing their claim upon the grounds: (1) that defendant was guilty of negligence in running its train at a great rate of speed over a portion of its track which was much used as a road, and in failing to ring the bell or blow the whistle as required by law in approaching said road-crossing, and in failing to discover Roberts in time to avoid injury to him; and (2) that defendant was guilty of negligence in failing to use all reasonable means within its power to stop the train after it discovered Roberts' peril. Defendant pleaded, (1) general denial, (2) contributory negligence on part of Roberts, and (3) that defendant after discovering Roberts' peril used all means within its power to protect him.

Upon the verdict of a jury the trial court rendered judgment for plaintiffs, which was affirmed by the Court of Civil Appeals.

The Court of Civil Appeals in its opinion treated the question of contributory negligence as being material, and held that the evidence did not establish such negligence as a matter of law. This court was inclined to differ with them upon the latter point, and granted defendant's application for writ of error upon the assignment therein complaining of the refusal of a charge asked by it as follows: "In this case the jury are charged that the evidence shows that Roberts was guilty of negligence in going on the railroad with his mule and remaining there until the train struck him, and you will therefore find for the defendant unless you find that the engineer saw Roberts, and saw that he was in peril in time to have stopped the train and failed to do so."

Upon a careful consideration of the record we have reached the conclusion that the question as to whether the evidence showed Roberts guilty of contributory negligence as a matter of law need not be determined in this case, for the reason that the trial court in its charge did not authorize the jury to find for plaintiffs unless they found that defendant's employes operating the train knew of Roberts' peril and could have avoided injuring him by the exercise of reasonable care, and also charged them to find for defendant if from the evidence they believed that such employes "after they had discovered and knew of his peril and danger did use that degree of care, prudence and diligence, which a man of ordinary prudence would have used under like circumstances in employing all the means and appliances in their control and at their command to stop said train and could not do so, before it struck and killed said Roberts." These charges were more favorable to defendant than the one refused, and made its liabilty depend upon the existence of two facts, viz: (1) Its discovery of Roberts' peril, and (2) its subsequent failure to exercise reasonable care to avoid injuring him. Therefore there was no error in refusing the special charge.

Finding no errors in the record of which defendant can complain the judgment will be affirmed.

*Affirmed.*