### MORGAN JONES, RECEIVER, v. J. PROBASCO.

Delivered May 21, 1898.

**Railway Company—Negligence of Engineer.**

A railroad engineer is not necessarily guilty of negligence in failing to stop his train before reaching a hay press on the track which the owner has been unable to get off the track, where he testified that he did not see it was on the track and could not have seen it by the use of ordinary care, and had no reason to believe that any obstruction was on the track; and the question of such negligence is for the jury.

APPEAL from Potter. Tried below before Hon. D. N. QUINN.

*Stanley, Spoonts & Thompson,* for appellant.

*Browning & Madden* and *W. W. Gowan,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—The evidence in this case proves that the plaintiff Probasco, with several men, was moving his hay press and rake from one neighborhood to another over the open prairie, when he attempted to cross the defendant's railroad track about three miles from Washburn, in Carson County, Texas, at a place made by the railroad company for a private crossing, but which was seldom used.

The hay press was constructed on low wheels about fourteen inches in diameter, like a wagon, and was coupled so as to make the front and hind wheels about twenty feet apart. It weighed about 4500 pounds, and was being drawn by four horses. The railroad track was raised above the general surface, so that when the front wheels of the hay press passed over it the middle part of the press rested on the rails, and left the front and hind wheels suspended, with the whole weight of the machine resting on the rails, and the horses were unable to pull it off the track.

When plaintiff drove onto the track it was about an hour before train time, and no train was in sight. The plaintiff and his men, it seems, had been striving hard to get the machine over the track, when they saw a freight train coming towards them from Washburn. One of the men, Mr. Rice, was sent to meet the train, and when it was between a quarter and a half mile from the machine signaled the engineer to stop, by waving a handkerchief, which the engineer and fireman both saw, but

they did not understand it as a signal to stop. They, however, looked ahead at once, but as it was after sundown and getting dark they could see, as they testify, only two dark objects, one on each side of the track, but could see nothing *on* the track. They continued to watch, however, as they approached, and when within a train's length of the machine they saw the true condition of things, and the fireman jumped from the engine, believing there would be a wreck. The engineer remained at his post, but made no effort to stop the train, as he could not have done so, he says, before striking the machine. The machine, it seems, was in a manner destroyed, and this suit was brought to recover the value thereof.

The third paragraph of the court's charge was as follows: "If a person who attempts to cross with a vehicle or machinery, and enters with the same upon the track of a railway when no train is in sight, should from some unforeseen cause become disabled while on such track, and unable to extricate his machinery and remove it from such railroad track, and while there in that condition his said property be run over and injured by a train, while such property is in open view, the railroad company would be liable in damages on account of the negligence on the part of their engineer or employes in not discovering the helpless condition of the person whose property is on the track, which was the proximate cause of the injury."

Appellant complains of this charge upon the ground that it is upon the weight of evidence, and we think the complaint is well founded. It tells the jury, in effect, that the failure on the part of the engineer and employes to discover the helpless condition of appellee, provided his property was in plain view on the track, would be negligence, when the question of negligence vel non was one which the jury ought to have been permitted to determine from all the circumstances. If the evidence had been undisputed and showed that the engineer and fireman saw the helpless condition of the appellee, when signaled by Rice, it would have been their duty to stop, but they testify that they saw only two dark objects, one on each side of the track, and that they could not see the coupling which connected the two objects. If they saw it lying on and across the track, though the negligence of appellee had placed it there, it was their duty to stop, or use all the means in their power to do so, but if they did not see the coupling on the track, and could not have seen it by the use of ordinary care, and had no reason to believe that the track was obstructed at that place, then they were not required to stop, though it was in "open view."

In the case of Railway v. Roberts, 2 Texas Civil Appeals, 111, 20 Southwestern Reporter, 962, Justice Stephens, in delivering the opinion of this court, laid down the rule on this phase of the issue as clearly as we are able to declare it, as follows: "Where a person goes upon a railroad track, and is at the time of the collision, by his own negligence, placed in a dangerous position, he is not entitled to recover damages resulting from the injuries received on account of the failure of the train operatives to discover his position of peril in time to avoid the accident.

In such case his contributory negligence precludes a recovery unless it also appears that, after his position of danger is discovered, the operatives are guilty of negligence contributing to the injury. Where, however, at the time of the collision, he is not guilty of negligence, though originally negligent in going upon the track, an intervening cause absolutely or perhaps morally beyond his control having put him in a position of peril, it seems that the railroad would be guilty of actionable negligence, if, through the want of proper care, its trainmen should fail to discover the dangerous position of the person on the track in time to avert the injury." Railway v. Ryan, 70 Texas, 56; Railway v. Sympkins, 54 Texas, 615; Wasmer v. Railway, 80 N. Y., 212; Railway v. Roberts, 45 S. W. Rep., 309.

The judgment herein is reversed and the cause remanded.

*Reversed and remanded.*