# NOVEMBER, 1902.

### Mrs. C. C. Cowles v. Missouri, Kansas & Texas Railway Company of Texas.

#### No. 1133. Decided November 3, 1902.

**Contributory Negligence—Trespasser About Cars.**

A person unconnected with the railway who, while standing behind the end of a car engaged in examining the coupling apparatus, through mere curiosity and without knowledge by the railway employes of his presence, was killed by the movement of the car in consequence of other cars being switched against it, was guilty of contributory negligence preventing a recovery for his death. (P. 30.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Trinity County.

The opinion of the Court of Civil Appeals in this case was as follows:

"Fly, Associate Justice.—This is a suit to recover of appellant damages for the death of Pellew Cowles, the husband of appellee. The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $15,000.

"The following charge was given to the jury: 'If you believe from the evidence that the said Pellew Cowles, while on the track of the International & Great Northern Railroad, was struck, run over, and killed

by a car on said track then and there set in motion by the backing of a freight train of the defendant Missouri, Kansas & Texas Railway Company of Texas, and if you further believe from the evidence that the defendant company, employe or employes in charge of said train, did or omitted to do any one or more of the following acts or things as charged in plaintiff's petition, viz: If they backed a freight train down on said railway track against cars standing on said track, causing said cars to bump against other cars and against the car which struck, run over and killed said Pellew Cowles and thereby caused said car to move suddenly and to strike, run over, and kill said Pellew Cowles, and that said train was backed on said track against said car without notice or warning to said Pellew Cowles that said car was about to be moved, or if said employe or employes of defendants in charge of said train failed to keep a reasonable lookout to discover said Cowles and warn said Cowles that said car was about to be moved in the direction he was, and if you further believe that such acts or omissions which you find to have been so done or omitted by defendant company's employe or employes in charge of said train were or was the proximate cause of the death of the said Pellew Cowles, and that said employe or employes of defendant company in charge of said train were guilty of negligence as hereinbefore defined and explained, in doing or omitting to do one or more of such acts or things which you so find to have caused said Pellew Cowles' death, and if you further find from the evidence that said Cowles was not himself guilty of contributory negligence proximately causing or contributing to cause his death, and you further find from the evidence that at the time of the death of said Cowles, the plaintiff, Mrs. C. C. Cowles, was his wife, then plaintiff would be entitled to recover, and you will find for the plaintiff unless you shall find for the defendant on some other point concerning which you have been or may be instructed in this charge; the whole of which you will construe together.'

"It was established by the uncontroverted facts that deceased, in company with H. W. Browder, started from the freight depot, which was on the east side of three railway tracks, to cross over to the west side, and on account of a number of freight cars standing on the middle track they did not pass straight across the yard but went to the end of the line of cars, the last of which was a flat car standing several feet from the wagon crossing, and stopped to examine the coupler on the flat car. While thus engaged and while deceased was in the act of kicking the coupler that had been thrown back by Browder, the flat car was backed against deceased, and ran over and killed him.

"If the appellant knew that deceased was on the track engaged in working with the coupler, it owed him the duty of warning him of the intention to move the car, but if it did not know that he was on the track, it owed him no duty. It is true that it was in proof that it was customary for pedestrians to use any part of the yard in crossing the track, and whilst such use without protest may have given a license to parties to cross the tracks at any point, and may have devolved on the

railway companies using the tracks the exercise of care towards such pedestrians, it did not create any duty towards those who were using the track not for the purpose of crossing it, but for the examination of the appliances of cars standing on the track. Deceased was not at a crossing when killed, and was not in the act of crossing the track, but was engaged in gratifying an idle curiosity in regard to an appliance of the flat car. The license to deceased was to use any part of the yard for the purpose of crossing the railroad tracks, and for that purpose alone, and only while using the yard with that object in view did the duty to him exist that is incumbent upon a railroad company in case of a license. The license to use the tracks for passage from one part of the town to the other was one that is established by the fact that the public had been making such use of them for a number of years and such use had tacitly been acquiesced in by appellant. It was not shown to be a custom, however, for persons in their passage across the tracks to stop and spend an appreciable length of time in examining and experimenting with the appliances of cars. In so acting deceased was a trespasser pure and simple, and the evidence failed to establish negligence, whether looked at from the standpoint of appellant's duty or from that of the contributory negligence of deceased. There is no testimony tending to show that the railroad employes had any knowledge of deceased upon the track.

"In the case of Kelley v. Railway, 31 Northwestern Reporter, 904, it was said by the Supreme Court of Michigan: 'The highway crossing is for the purpose of passage from one side of the railroad to the other, and any other use thereof, whether between the tracks or between the rails, is unwarranted.'

"The presence of deceased upon the track was not because of the fact that any part of the tracks in the yard was used as a passageway, but he was there on other grounds totally disconnected with a passage over the track. As said by the Supreme Court of Ohio in Railway v. Marsh, 52 Lawyers' Reports Annotated, 142: 'His right and the liability would have been the same if the track of the railroad company had never been used as a line of travel, or if the injury had occurred while the boy was going to the switch stand south of the highway, where the railroad was not used as a line of travel, so far as appears in this case.' The principle is the same as that held in Kelley v. Columbus, 41 Ohio State, 263, where the court says: 'If there had been a business room in the building, or upon another part of the lot, which would have been an implied invitation to the public to go there, it still would not help the plaintiff, when he admits that he did not go upon the lot for any such purpose.'

"There is some conflict of authority as to who may claim the benefit of statutory signals, but it is usually held that where the statute does not specifically name the class of persons to whom the duty is owing, it is due only to those who are about to use, are using, or have lately used the crossing, and that no others could recover for injuries resulting from a failure to give the signals.

"In the case of Harty v. Railway, 42 New York, 469, the plaintiff was at a place where he was licensed to go, not a great distance from 'a street crossing, and it was held that statutes requiring signals to be given on approaching crossings had for their sole object the protection of persons traveling upon the highway at or near the crossing. It was said: 'If this company was bound to give these warnings to this man, then every railroad company is bound to do so to every person who may be upon the railroad ahead of a train, although he is not on the track and not in a place of danger.' Other authorities supporting this proposition are cited in note to Elliott on Railroads, section 1158, page 1757. To the same effect is Hoover v. Railway, 61 Texas, 503.

"The evidence, we think, presents a clear case of contributory negligence. The only witness who was in a position to know the circumstances surrounding deceased at the time of the accident testified that he, in company with deceased, walked upon the railroad track near the end of a flat car which was attached to a coal car and eight or ten box cars, all of which were standing on a track in the railroad yards, and stopped to examine a coupler on the flat car, at the request of deceased. Both of the men were behind the end of the car, Cowles standing between the rails and Browder with one foot within the rails and the other without. When Cowles was struck he was standing on one foot in the act of kicking the coupler, and Browder was leaning over toward him manipulating the coupler. The accident did not occur on the crossing. Browder swore that before stopping he did not look nor listen for an approaching train, and did not see deceased do so. He did not know whether any signals were given or not. Mr. Cowles was a life insurance agent and had no business in connection with couplers on the cars. Browder swore that they were occupied with the coupler one or two minutes before the car moved. The least care or caution would have disclosed the fact that an engine was engaged in moving cars on the track on which deceased and Browder were standing.

"Because the evidence does not sustain the verdict, the judgment is reversed and the cause remanded.

*Campbell & McMeans* (*R. E. Erwin,* on brief in appellate court), for plaintiff in error.—The Court of Civil Appeals erred in holding that the railway company owed to deceased no duty to discover him on the track and of warning him of his danger, unless it knew that he was then on the track, because the place at which he was killed had been for years commonly and habitually used by the public as a walkway and public thoroughfare within the knowledge of the railway company and its servants who were then and there operating the train, and with the tacit consent of and without objection by the appellant; and the law made it the duty of such servants to keep a lookout for persons that might be expected to be on said track at said place, and to avoid injuring them. Railway v. Smith, 87 Texas, 359; Railway v. Crosnoe, 72 Texas, 79; Railway v. Schuster, 7 S. W. Rep., 874; Railway v. Hewitt, 67 Texas,

479; Railway v. Watkins, 88 Texas, 20; Railway v. Harvin, 54 S. W. Rep., 630; Railway v. Brooks, 54 S. W. Rep., 1056; Railway v. Woodward, 63 S. W. Rep., 1051; Railway v. Laskowski, 47 S. W. Rep., 59; Railway v. Crowder, 25 Texas Civ. App., 536; Railway v, Holland, 27 Texas Civ. App., 397; Railway v. Oslin, 26 Texas Civ. App., 370; Railway v. Keelin, 62 S. W. Rep., 261, and authorities cited; Shelby v. Railway, 3 S. W. Rep., 157; Cooper v. Railway, 11 Am. St. Rep., 484; Railway v. Boderner, 32 Am. St. Rep., 218; Lampkin v. McCormick, 83 Am. St. Rep., 245.

The Court of Civil Appeals erred in applying the doctrine of discovered peril to the facts of this case, because the evidence abundantly shows that the place where deceased was struck and run over was one commonly and habitually used by the public for many years with the knowledge of and without objection by the railway company, and was a place where employes of the railway company in operating its trains could reasonably expect some person to be, and the duty rested upon such employes not only to avoid injuring a person in danger after the peril was discovered, but to use ordinary care before moving cars to discover such persons and avoid injuring them. See authorities quoted under our first assignments of error.

And even if the doctrine of discovered peril was applicable to the facts, the Court of Civil Appeals erred in holding that there was no evidence that appellee's servants saw deceased and his perilous position in time to have avoided running the car against him, because there was ample evidence to justify the jury in concluding that the conductor who had charge of said train and of the members of the crew did see the deceased and his perilous position in time to have warned him, or otherwise have prevented his death. Brown v. Griffin, 71 Texas, 659; Railway v. Tabor, 12 Texas Civ. App., 283; Railway v. Phillips, 40 S. W. Rep., 344.

The Court of Civil Appeals erred in holding that, although for the purpose of crossing the track the deceased was a licensee, merely pausing on the track to examine the coupling appliance of the car made him a trespasser ab initio to whom the company owned no duty; because if his entry was right in one event, it can not be held to be wrongful ab initio in another.

The Court of Civil Appeals erred in holding that in stopping on the track to examine the coupler deceased was guilty of contributory negligence as a matter of law, because the evidence shows that the car at which deceased had stopped had been standing at said place all day, and that deceased did not know that there was an engine in the yard or at the station at said time, and did not know that the same was about to be moved, and received no warning or notice that said engine was moving a train of cars or that the same was about to be moved. See authorities under first assignment of error herein, and also: Railway v. Best, 66 Texas, 116; Railway v. Lee, 89 Texas, 583.

The Court of Civil Appeals erred in holding, in this case, that the

statutory signals are intended for the benefit only of those who are about to use, are using, or have lately used the crossing, and that no others can recover for injuries resulting from a failure to give the signals; because the contrary is the law in this State.

The Court of Civil Appeals further erred in holding that the failure on the part of appellant's employes to give the statutory signals would not, as to deceased, in the place where he was standing when struck, be negligence. Railway v. Gray, 65 Texas, 32; Railway v. Woodward, 63 S. W. Rep., 1053; Railway v. Brooks, 54 S. W. Rep., 1056.

The Court of Civil Appeals erred in holding, as a matter of law, that under the facts in this case the appellant was not guilty of negligence, and that the deceased was guilty of contributory negligence.

As the Court of Civil Appeals has no right to conclusively determine the facts of any case, when facts are in evidence in support of an issue, as in this case, the said court erred in conclusively determining the facts of the case, and thereby invading the province of the jury, and depriving appellee of her constitutional right of trial by jury. Choate v. Railway, 90 Texas, 88; same case, 91 Texas, 407; Washington v. Railway, 90 Texas, 315; Railway v. Lee, 89 Texas, 583. and authorities cited therein.

*T. S. Miller* and *Marshal Thomas,* for defendant in error.—The license acquired by the public to the use of the tracks of the railroad company was the right of crossing the same as ordinary pedestrians, and when the deceased stopped to examine the coupler he became a trespasser and intermeddler to whom the railroad company owed no duty until his presence was discovered. Grunst v. Railway, 5 Am. and Eng. R. R. Cases, N. S., 373; Hall v. Railway, 44 N. E. Rep., 489; Oatts v. Railway, 22 S. W. Rep., 330; Railway v. Vittitoe's Admr., 41 S. W. Rep., 269; Railway v. Mendoza, 60 S. W. Rep., 327; Kelly v. Railway, 8 Am. St. Rep., 879; Heinlein v. Railway, 9 Am. St. Rep., 678; Railway v. Breadow, 90 Texas, 26; Railway v. Staggs, 39 S. W. Rep., 295; Railway v. Shetter, 94 Texas, 196.

The trespass of the deceased could not have been reasonably anticipated by the employes of the railroad company, and they were therefore not required to guard against an accident arising therefrom. Railway v. Cocke, 64 Texas, 151; Railway v. Bingham, 90 Texas, 223; Electric Light Co. v. LeFevre, 93 Texas, 604; Railway v. Kieff, 1 Texas Ct. Rep., 456.

The issue of discovered peril was not raised in the District Court and should not be considered in the appellate court.

The finding of the appellate court upon this issue involves purely a finding of fact, and there being evidence to sustain it, this court is without jurisdiction to review it.

The facts do not raise the issue of discovered peril.

Under the undisputed facts the deceased was guilty of contributory negligence as a matter of law. Railway v. Roberts, 10 Am. and Eng. R. R. Cases, N. S., 727; Lyon's Admr. v. Railway, 59 S. W. Rep., 507;

Railway v. Ryon, 70 Texas, 59; Railway v. Walker, 49 S. W. Rep., 642; Beach on. Con. Neg., sec. 65.

The giving of the statutory signals was immaterial to any issue in the case, because it affirmatively appears from the plaintiff's petition that the deceased could not have heard the same had they been given.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. We took jurisdiction of the case and granted the writ of error because of the allegation in the petition for the writ that the decision of the Court of Civil Appeals "practically settled the case," and because, as we thought, that allegation was true. Having examined the case upon its merits, and being of the opinion that the decision of the Court of Civil Appeals that "the evidence presents a clear case of contributory negligence" is correct, it becomes our duty to render judgment for the defendant in error.

There is no allegation in the petition to the effect that the servants of the railroad company discovered the peril of the deceased in time to have prevented the injury. The judgment of the Court of Civil Appeals in so far as it reverses the judgment of the trial court is affirmed and judgment is here rendered for the defendant in error.

*Affirmed and judgment rendered.*